UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Brian Marte,<br><br>*Defendant*. | **Protective Order**<br><br>**16 Cr. 740 (GHW)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16 for use in the pending violation of supervised release proceeding, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, the Government's general obligation to produce exculpatory and impeachment material in criminal cases, and pursuant to the Government's early voluntary production of materials to assist in the preparation of the defense, all of which will be referred to herein as "Disclosure Material."

2. **Confidential Material.** Certain of the Government's Disclosure Material may include material that the Government wishes to designate confidential. The Government shall be entitled to designate Disclosure Material in whole or in part as "Confidential" when the Disclosure Material contains information that (i) affects the privacy, confidentiality, and business interests of individuals and entities; and (ii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case; or (iii) would impede, if prematurely disclosed, the Government's ongoing investigation. The Government

shall produce such confidential Disclosure Material ("Confidential Material") to the defendant or his counsel by (1) designating specific Disclosure Material in whole or in part as "Confidential" in emails or other written communications to defense counsel; and (2) stamping the materials with a Bates or other label stating "Confidential."

3. **Attorneys' Eyes Only Material.** Certain of the Disclosure Material, referred to herein as "Attorneys' Eyes Only Material," contains personally identifiable information of victim(s) or information related to medical issues, including records potentially protected by the Health Insurance Portability and Accountability Act.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

4. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (the "Defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this criminal action.

5. The Defense shall not post any Confidential Material on any Internet site or network site to which persons other than the Defense and those individuals described in paragraph 7 below have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

6. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court.

7. Confidential Material may be disclosed by the Defense to:

    (a)    The defendant;

    (b)    Defense counsel;

  (c)  Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action, including third party vendors;

  (d)  Prospective witnesses and their counsel for purposes of defending this action;

  (e)  Charged co-defendants and their counsel for purposes of defending this action;

  (f)  Any other individuals mutually agreed upon by the Government and the Defense; and

  (g)  Such other persons as hereafter may be authorized by the Court.

8. Attorneys' Eyes Only Material shall be disclosed <u>only</u> to defense counsel including attorneys, paralegals, student interns, and staff directly supervised by defense counsel, and shall not be disclosed to the defendant.

9. If there is a dispute between the parties concerning the Government's designation of certain Disclosure Material as Confidential Material or Attorneys' Eyes Only Material, the parties shall meet and confer without prejudice to a subsequent application by the Defense seeking de-designation of such material by the Court. If the Defense moves the Court for de-designation of disputed material, the Government shall respond within seven days of the defense filing, absent further Order of the Court. The Government shall bear the burden of establishing good cause for its designation of the disputed materials as Confidential Material or Attorneys' Eyes Only Material.

10. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge or court personnel, for purposes of this

action. However, Confidential Material or Attorneys' Eyes Only Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

11. Except for Disclosure Material that has been made part of the record of this case, the defendant shall return to the Government or defense counsel or securely destroy or delete all Disclosure Material within 30 days of the expiration of the period for direct appeal from imposition of sentence in the above-captioned case; the period of direct appeal from any order dismissing all of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing all of the charges in the above-captioned case, whichever date is later. Defense counsel (rather than the defendant) shall solely maintain the Disclosure Material for the pendency of any collateral challenge pursuant to 28 U.S.C. §§ 2241 and 2255. If Disclosure Material has been provided to any prospective witnesses by the Defense, counsel shall make reasonable efforts to seek the return or destruction of such materials.

12. The Defense shall provide a copy of this Order to any persons, as contemplated by paragraphs 7 and 8 of this Order, to whom the defense has disclosed Disclosure Material. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

13. This Order places no restriction on defendant's use or disclosure of any material that was previously within the defendant's custody, control, or possession, or material that comes into the defendant's custody, control, or possession through means other than production by the Government to the Defense in this case.

## Retention of Jurisdiction

14. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: *[signature]*   Date: March 25, 2021

Catherine Ghosh
Assistant United States Attorney

BRIAN MARTE

by: *[signature]*   Date: 3/25/21

Michael Martin / Ian Weinstein
Counsel for Brian Marte

SO ORDERED:

Dated: New York, New York
       March 25, 2021

*[signature]*
THE HONORABLE GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

5

US-DOCS\119401512.1